# Illinois Official Reports

## Appellate Court

***American Freedom Insurance Co. v. Garcia*, 2021 IL App (1st) 200231**

| | |
|---|---|
| Appellate Court Caption | AMERICAN FREEDOM INSURANCE COMPANY, Plaintiff-Appellant, v. RAMON GARCIA, LUIS FLORES-JIMENEZ, NANCY BENITEZ-YANEZ, and DIRECT AUTO INSURANCE COMPANY, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>No. 1-20-0231 |
| Filed | June 25, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-CH-4812; the Hon. Eve M. Reilly, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Keely Hillison, of Keely Hillison Law LLC, of Chicago, for appellant.<br><br>Mark L. Evans, of Beermann LLP, of Chicago, for appellee Direct Auto Insurance Company.<br><br>No brief filed for other appellees. |

JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Connors and Oden Johnson concurred in the judgment and opinion.

## OPINION

¶ 1     This case concerns a declaratory judgment action by plaintiff-appellant American Freedom Insurance Company (American) against defendants-appellees Ramon Garcia, Luis Flores-Jimenez, Nancy Benitez-Yanez, and Direct Auto Insurance Company (Direct) arising out of a 2013 vehicular collision involving Garcia and Benitez-Yanez. American sought a judgment that Benitez-Yanez was covered by Direct at the time of the incident so that Garcia did not have an uninsured motorist claim against American. In defense, Direct raised an earlier judgment finding Benitez-Yanez and Flores-Jimenez to not be Direct's insureds at the time of the 2013 incident. Garcia was a party to the earlier judgment, but American was not. The trial court in the instant case denied American's summary judgment motion and granted Direct's motion to dismiss.

¶ 2     On appeal, American contends that the court erred in doing so because (1) American was not a party to the earlier judgment or in privity with a party, (2) the prior litigation did not determine whether Benitez-Yanez was an uninsured motorist or that Direct owed no coverage for the 2013 incident, (3) American has a due process right to be heard on the issue of coverage for the 2013 incident before its right to contest coverage is extinguished because it was a necessary party to the earlier litigation but not joined as a party, (4) *res judicata* should bar Direct from litigating the coverage issue as to American, (5) the earlier judgment was void for failure to include American as a necessary party, and (6) the earlier judgment was erroneous on the merits so that Benitez-Yanez was covered by Direct at the time of the 2013 incident. For the reasons stated below, we affirm.

## I. JURISDICTION

¶ 3

¶ 4     On American's 2019 declaratory judgment complaint, the trial court denied American's summary judgment motion and granted Direct's motion to dismiss on January 15, 2020. American filed its notice of appeal on February 3, 2020. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

## II. BACKGROUND

¶ 5

¶ 6     Garcia was American's insured on a policy including uninsured motorist coverage. A collision occurred on September 23, 2013, between a vehicle owned and driven by Garcia and one owned and driven by Benitez-Yanez. The traffic crash report for the incident stated that American was Garcia's insurer and Direct was Benitez-Yanez's insurer.

## A. First Action

In 2014, Direct brough a declaratory judgment action, case No. 14-CH-14898, against Flores-Jimenez, Benitez-Yanez, and Garcia. American was not named as a party to the first action. Direct alleged that it issued an automobile insurance policy to Flores-Jimenez and Benitez-Yanez, Benitez-Yanez was involved in a vehicular incident with Garcia on September 23, 2013, and Garcia made a claim against Direct's policy arising out of that incident. Direct alleged that Flores-Jimenez made an intentional and material misrepresentation in his insurance application earlier in September 2013 by not disclosing a member of his household at least 13 years old as required by Direct, that Direct would not have issued the policy at the premium it charged Flores-Jimenez had it known of the misrepresentation, and that it rescinded the policy upon learning of the misrepresentation. Direct sought a declaration that it owed no coverage for the 2013 incident.

The court issued summary judgment for Direct in March 2015, finding that Direct's policy was rescinded due to Flores-Jimenez's material representation on his application, Direct had no duty to defend or indemnify Flores-Jimenez or Benitez-Yanez for the 2013 incident, and "defendants are entitled to no monies under the Direct Auto policy."

## B. Garcia's Claim

Garcia made an uninsured motorist claim against his American policy arising from the 2013 incident. In March 2019, Garcia filed a demand for arbitration of that claim.

## C. Instant Action

American brought the instant action for declaratory judgment in April 2019, against Garcia, Flores-Jimenez, Benitez-Yanez, and Direct. American alleged that Garcia, its insured, brought an uninsured motorist claim for the 2013 incident but that American owed him no coverage on that claim because Benitez-Yanez was insured by Direct at that time under a policy also issued to Flores-Jimenez. American sought a declaratory judgment to that effect and a stay of the arbitration of Garcia's claim. Attached to the complaint was a copy of Garcia's American policy covering September 2013, the traffic crash report for the 2013 incident, Garcia's arbitration demand, and the Direct policy issued to Benitez-Yanez and Flores-Jimenez encompassing September 23, 2013.

On American's motion, the court stayed Garcia's arbitration pending further order.

Garcia appeared and answered, admitting that he filed an uninsured motorist claim with American based on the 2013 incident between himself and Benitez-Yanez and that he sought arbitration of that claim, but denying that the Direct policy issued to Benitez-Yanez was in effect on the day of the 2013 incident due to its rescission and the summary judgment in the first action. Garcia raised affirmative defenses interposing the rescission of Direct's policy and the summary judgment in the first action and alleging that the court in the first action had jurisdiction over Garcia, Benitez-Yanez, and Flores-Jimenez when it issued that judgment. Garcia claimed that he therefore had a valid uninsured motorist claim against American and argued that American excluding Benitez-Yanez's vehicle in the 2013 incident as an uninsured vehicle would be an interpretation of its insurance policy contrary to public policy. Garcia sought a declaration that American owed him uninsured motorist coverage for the 2013 incident and a lifting of the stay of his arbitration.

¶ 16 American answered Garcia's affirmative defenses, admitting that Direct denied coverage on the policy it issued Benitez-Yanez and Flores-Jimenez, otherwise denying the substantive allegations, and alleging that "[a]ny judgment purportedly entered in" the first action was void as to American and "void for lack of jurisdiction over necessary parties."

¶ 17 1. Motion to Dismiss

¶ 18 Direct appeared and filed, and later amended, a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)). Direct interposed the judgment in its favor in the first action and the rescission of Direct's policy and alleged that American was collaterally estopped from relitigating Benitez-Yanez's coverage under the rescinded Direct policy. The issues in both the first action and the instant action were whether Benitez-Yanez was covered by Direct on the day of the 2013 incident with Garcia and whether Garcia had a valid claim against Direct. The first action came to a final judgment on the merits, and there was sufficient identity of parties between the cases, including parties in privity. While American was not a party to the first action, Garcia was in privity with American. Garcia, Benitez-Yanez, and Flores-Jimenez adequately represented the same interest in the first action as American in the instant action. Also, American "had the opportunity to take control of Ramon Garcia's defense in the" first action but failed to exercise it. Benitez-Yanez was an uninsured motorist pursuant to the judgment in the first action, as a motorist who had coverage that was removed is just as much an uninsured motorist as one who never had coverage. Because the trial court could not rule in the instant action differently than it had in the first action, American's complaint should be dismissed.

¶ 19 American responded to Direct's motion to dismiss. It argued that all necessary parties must be joined in a declaratory judgment action to determine coverage, including the uninsured motorist carrier, but American had not been a party to the first action. Direct had failed to join all interested and necessary parties in other cases, and the appellate court had held against Direct for doing so in *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918. American also argued that it was not in privity with Garcia, as Garcia and American were adversaries on Garcia's uninsured motorist claim, nor with any other party to the first action. Garcia had little or no incentive to litigate in the first action in favor of Benitez-Yanez being covered by Direct, as Garcia would collect from either Direct if she was covered or American under the uninsured motorist coverage if she was not covered. As American was not in privity with any party to the first action, the judgment in the first action could not have an effect in the instant action under collateral estoppel or *res judicata*. Indeed, because Direct was aware of American as Garcia's insurer but did not name American as a defendant in the first action, Direct was barred by *res judicata* from denying coverage, as *res judicata* bars a subsequent action on matters that were actually decided or could have been decided in a prior action.

¶ 20 Direct replied in support of its motion to dismiss, arguing that American was not a necessary party to the first action, as the named insured and injured parties are necessary parties to a coverage case but the injured party's insurer has not been held to be a necessary party. In other words, a named insured (here, Benitez-Yanez and Flores-Jimenez) and an injured party (here, Garcia) have rights under the named insured's policy, but the uninsured motorist carrier (here, American) does not. Direct also argued that Garcia was in privity with American because he was American's insured. Garcia had an incentive to oppose Direct in the first action, and he was required by his policy with American to notify American of any lawsuit against him.

¶ 21    Garcia also filed a reply in support of Direct's motion to dismiss. He argued that American was not a necessary party to the first action, as American did not have an immediate and substantial interest in the first action but only a future interest contingent on the coverage decision before the court in the first action. Also, Garcia was in privity with American because of the insurance policy between them, regardless of their adversarial relationship on Garcia's uninsured motorist claim.

¶ 22                              2. Summary Judgment Motion

¶ 23    American filed a summary judgment motion, arguing that *res judicata* barred Direct from denying coverage because Direct intentionally failed to name American as a defendant in the first action, knowing American was Garcia's insurer and thus a necessary party to the first action. Turning to the merits of the judgment in the first action, where Direct's policy was rescinded for a material misrepresentation or failure to disclose, American argued that there was no evidence that the allegedly undisclosed household member was actually a household member of Flores-Jimenez, ever drove the vehicle in the Direct policy, or was even licensed to drive. Direct's rescission was therefore improper, Direct's policy was in effect on the day of the 2013 incident, and Benitez-Yanez was not an uninsured motorist on that day. American sought a declaratory judgment to that effect.

¶ 24    Direct responded to American's summary judgment motion, arguing that American had not pled a claim or cause of action seeking relief against Direct and that the issue of the validity of Direct's policy had been decided in the first action. As to the former, Direct argued that American offered no affirmative evidence to support a summary judgment but improperly relied on using the first action as "offensive" (as opposed to defensive) collateral estoppel.

¶ 25    American replied in support of its summary judgment motion, arguing that it does not have to state a cause of action or seek relief against Direct to obtain a declaratory judgment. See 735 ILCS 5/2-701(a) (West 2018). American also argued that it need not present evidence that Benitez-Yanez was uninsured, given Direct's admission that it issued an insurance policy to Benitez-Yanez and Flores-Jimenez encompassing the day of the 2013 incident and its failure to offer affidavits or other evidence for denying coverage. American argued that it is not bound by the judgment in the first action because it was a necessary party but was never joined as a party, arguing that Direct admitted as much when it argued that determining whether Benitez-Yanez was insured by Direct is necessary to determining whether American owed uninsured motorist coverage. American argued that, while no Illinois court had found an injured party's insurer to be necessary to a coverage dispute, no Illinois court had found an injured party's insurer to not be a necessary party either. American argued that it was not in privity with Garcia and could not be in privity with Benitez-Yanez. Lastly, American argued that, because it was a necessary party to the first action but was not a defendant, Direct was barred by *res judicata* from contesting or denying coverage for the 2013 incident.

¶ 26                                      3. Judgment

¶ 27    On January 15, 2020, following arguments of the parties in which Garcia adopted the arguments of Direct, the court denied American's summary judgment motion and granted Direct's motion to dismiss in the instant action. The court found that American was in privity with Garcia, who was a party to the first action, so that collateral estoppel barred the instant action. It found that its dismissal was a final judgment as to all claims in the instant action.

This appeal followed.

¶ 28                                    III. ANALYSIS

¶ 29        On appeal, American contends that the trial court erred in denying American summary judgment and in granting Direct's motion to dismiss. American contends that (1) it was not a party to the first action or in privity with a party, (2) the first action did not determine whether Benitez-Yanez was an uninsured motorist or that Direct owed no coverage for the 2013 incident, (3) American has a due process right to be heard on the issue of coverage for the 2013 incident before its right to contest coverage is extinguished because it was a necessary party to the first action but not joined as a party, (4) *res judicata* should bar Direct from litigating the coverage issue as to American, (5) the judgment in the first action was void for failure to include American as a necessary party, and (6) the judgment in the first action was erroneous on the merits so that Benitez-Yanez was covered by Direct at the time of the 2013 incident.

¶ 30        Direct responds that the dismissal of the instant action was proper because (1) American was not a necessary party to the first action, (2) Benitez-Yanez was an uninsured motorist at the time of the 2013 incident so that American's claim in the instant action was affirmatively defeated, and (3) collateral estoppel bars relitigation of that determination in the first action because American was in privity with Garcia, a party to the first action. Direct also responds that the trial court correctly denied summary judgment for American because American is making no claim for relief against Direct and has not established that Benitez-Yanez was uninsured at the time of the 2013 incident.

¶ 31                                  A. Legal Principles

¶ 32        A pleading or cause of action therein may be dismissed pursuant to section 2-619 of the Code of Civil Procedure on various grounds, including that "the cause of action is barred by a prior judgment" or "other affirmative matter avoiding the legal effect of or defeating the claim." *Id.* § 2-619(a)(4), (9). A section 2-619 motion admits the legal sufficiency of the pleading but raises an affirmative defense that allegedly defeats it. *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 21. In reviewing the disposition of a section 2-619 motion, the key issue is whether the existence of a genuine issue of material fact should have precluded dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. *Id.* ¶ 23. On review of the disposition of a section 2-619 motion, we accept as true all well-pled facts and all reasonable inferences that may be drawn from them, and we construe the allegations in a complaint or counterclaim in the light most favorable to the claimant. *Id.* ¶¶ 20, 22. We review *de novo* a dismissal under section 2-619. *Id.* ¶ 23. We therefore may affirm a dismissal on any basis supported by the record. *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 9.

¶ 33        Both plaintiffs and defendants may file for summary judgment. See 735 ILCS 5/2-1005(a), (b) (West 2018). It should be granted only where the pleadings, depositions, admissions, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.* § 2-1005(c). A genuine issue of material fact precluding summary judgment exists where material facts are disputed or reasonable persons may draw different inferences from undisputed facts. *Lewis v. Lead Industries Ass'n*, 2020 IL 124107, ¶ 15. Because summary judgment is a drastic means of disposing of litigation, it should be granted only where the movant's right is clear and free from doubt. *Id.* Therefore, we must construe the pleadings, depositions, admissions, and affidavits strictly against the movant. *Id.*

We review *de novo* a grant of summary judgment. *Id.*

¶ 34                                1. Necessary Parties

¶ 35    A plaintiff may name as a defendant any person "whom it is necessary to make a party for the complete determination or settlement of any question involved therein." 735 ILCS 5/2-405(a) (West 2018). Moreover, "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in. If a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct such person to be made a party." *Id.* § 2-406(a).

¶ 36    A necessary party is a person or entity having a present, substantial interest in the matter being litigated, not a mere expectance or future contingency, in whose absence a complete resolution of a matter in controversy cannot be achieved without affecting that interest. *City of Elgin v. Arch Insurance Co.*, 2015 IL App (2d) 150013, ¶ 34. A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the case that would be materially affected by a judgment entered in its absence, (2) reach a decision protecting the interests of parties already before the court, or (3) allow the court to completely resolve the controversy. *Id.* A judgment or order issued by a court without jurisdiction over a necessary party is void, and failure to join a necessary party can be raised at any time by any party or by the court *sua sponte*. *Certain Underwriters at Lloyd's London v. The Burlington Insurance Co.*, 2015 IL App (1st) 141408, ¶ 15.

¶ 37                                2. Insurance

¶ 38    Construction of an insurance policy is a question of law. *Thounsavath v. State Farm Mutual Automobile Insurance Co.*, 2018 IL 122558, ¶ 15. An insurance policy is a contract interpreted under the rules of construction for contracts, and courts must ascertain and carry out the parties' intention as expressed in the policy language. *Id.* ¶ 17. The clear and unambiguous terms of an insurance policy must be enforced as written unless doing so would violate public policy as expressed in the constitution, statutes, and judicial decisions of Illinois. *Id.*

¶ 39    It is public policy that, because insurance is not solely a private matter between an insurer and its insured, an injured party's rights against a liability insurer vest at the time of the occurrence giving rise to a claim. *Bahena*, 2019 IL App (1st) 172918, ¶ 48. Stated another way, the injured party is a beneficiary of the liability insurer and becomes a real party in interest in the insured's policy at the time of the occurrence giving rise to his or her injuries. *Id.* Thus, the injured party can file a declaratory judgment action to determine the liability insurer's coverage under the insured's policy, so long as underlying liability for the occurrence is not at issue. *Id.* ¶¶ 48-49. Similarly, the injured party is a necessary party to a declaratory judgment action by the liability insurer to determine coverage of the claim against its insured. *Id.* ¶ 51.

¶ 40                        3. *Res Judicata* and Collateral Estoppel

¶ 41    The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim or cause of action. *Id.* ¶ 58. For *res judicata* to apply, (1) a final judgment on the merits must be rendered by a court of competent jurisdiction, (2) there must be identity of the cause of action, and (3) there must be an identity

of parties or their privies. *Id.* Causes of action are identical when the same set of facts is necessary to maintain and prove both cases. *Id.* ¶ 59.

¶ 42 The doctrine of collateral estoppel prevents relitigation of issues resolved in prior litigation. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158 (2010). For collateral estoppel to apply, (1) the issue decided in the prior litigation must be identical to the one in the instant case, (2) the prior adjudication must have been a final judgment on the merits, and (3) the party against whom estoppel is asserted must have been a party to the prior adjudication or in privity with such a party. *Hope Clinic for Women, Ltd. v. Flores*, 2013 IL 112673, ¶ 77. Collateral estoppel is an equitable doctrine, and courts can determine not to apply it if injustice would result, as a party should have a full and fair opportunity to present its case. *In re Estate of Ivy*, 2019 IL App (1st) 181691, ¶ 38; *In re J.D.*, 2018 IL App (1st) 180580, ¶ 45.

¶ 43 A key difference between *res judicata* and collateral estoppel is that *res judicata* bars litigation not only of issues raised in prior proceedings but issues that could have been raised. *Bahena*, 2019 IL App (1st) 172918, ¶¶ 58-59. In other words, *res judicata* bars matters that were litigated and resolved in the prior action and "any matter which might have been raised in that suit to defeat or sustain the claim or demand." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 336 (1996). Thus, a party cannot split its single cause of action into more than one proceeding, as *res judicata* would bar the later litigation. *Bahena*, 2019 IL App (1st) 172918, ¶ 59.

¶ 44 A key similarity between *res judicata* and collateral estoppel is that privity is defined the same way for both. *Id.* ¶ 62 n.9. A nonparty may be bound pursuant to privity if his or her interests were so closely aligned to those of a party that the party was the nonparty's virtual representative. *Id.* ¶ 62. Privity generally exists when parties adequately represent the same legal interests. *Id.* While there is not one prevailing definition of privity applied in all cases, Illinois courts have generally applied the principle that " ' "privity" refers to a cluster of relationships, [citation], under which the preclusive effects of a judgment extend beyond a party to the original action and apply to persons having specified relationships to that party.' " (Internal quotation marks omitted.) *Id.* ¶ 63 (quoting *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 559 (2009)). Illinois courts have recognized three categories of relationships that may establish privity: (1) expressly representative relationships such as trustee or executor, (2) substantive legal relationships in which one party is deemed to have the capacity to bind the other to a judgment, such as parties who are vicariously liable for one another, and (3) successors in interest to property. *Id.* ¶ 64.

¶ 45                                   B. Necessary Party and Summary Judgment

¶ 46 Here, American was not a party to the first action but contends that it was a necessary party thereto, citing various cases holding injured parties and insureds to be necessary parties. However, none of these cases hold that an injured party's insurer is a necessary party to an action to determine whether the insured is owed coverage by his or her liability insurer for the incident, nor do they support that proposition. While an injured party is a necessary party, it does not follow that his or her insurer is also a necessary party. The injured party has a present and substantial interest in litigation to determine whether the liability insurer owes coverage to its insured for the injured party's claim. The injured party's underlying claim is not contingent on the outcome of such litigation but is in fact the cause and subject of it. By contrast, the existence of an uninsured motorist claim by an injured party against his or her insurer is wholly

- 8 -

contingent on the outcome of litigation between the liability insurer and its insured; that is, the injured party could bring an uninsured motorist claim against his or her insurer only *if* the insured's liability policy was found to not cover the incident for some reason.

¶ 47    Placed in terms of this case, Garcia was a necessary party to the first action, Direct's litigation to determine its obligations under the policy with Benitez-Yanez. The first action would not have existed if Garcia did not have or present a claim against Benitez-Yanez arising out of the 2013 incident. However, Garcia only had an uninsured motorist claim against American for the 2013 incident because the court in the first action had determined that Direct did not owe Benitez-Yanez coverage for the 2013 incident. In short, American's interest in the first action was contingent.

¶ 48    Moreover, American's presence in the first action was not necessary to a complete resolution of the matter in controversy therein. Garcia presented a claim against Benitez-Yanez arising out of the 2013 incident for which Direct may have owed coverage pursuant to Benitez-Yanez's liability policy with Direct. Direct therefore sought a determination that it did not owe coverage to Benitez-Yanez and would not have to defend her or pay Garcia. Direct would have had no reason to seek in the first action a declaratory judgment regarding its relationship with American because it did not and would not have a relationship with American. Regardless of the outcome of the first action, Direct would owe no duty to American, nor would American owe any duty to Direct. We conclude that American was not a necessary party to the first action.

¶ 49    It follows directly from this conclusion that the summary judgment in the first action is not void for failing to include a necessary party. It also follows that the court in the instant action did not err in denying summary judgment for American. American contends that, because it was a necessary party to the first action, the issue of whether it owes uninsured motorist coverage to Garcia could have been but was not raised in the first action and Direct should be barred by *res judicata* from denying liability coverage for the 2013 incident. However, American was not a necessary party to the first action. Similarly, the relationship between Garcia and American was not a "matter which might have been raised in that suit to defeat or sustain the claim or demand" (*Rein*, 172 Ill. 2d at 336) by Direct as plaintiff in the first action, which as stated above was whether Direct would be obligated by its liability policy with Benitez-Yanez to defend her or possibly pay Garcia. Stated another way, Direct did not split its claims against American by not naming American as a defendant in the first action because Direct had no claims or causes of action against American.

¶ 50                          C. Collateral Estoppel and Motion to Dismiss

¶ 51    We turn now to the issue of Direct's motion to dismiss, which the trial court granted because it found that American was collaterally estopped by the judgment in the first action from claiming in the instant action that Benitez-Yanez was an uninsured motorist and Garcia had an uninsured motorist claim against American arising from the 2013 incident.

¶ 52    American contends that the issue decided in the first action is not identical to the one in the instant action and that the summary judgment in the first action is not an unambiguous final judgment on the merits. However, as noted above, American has also sought a *res judicata* effect from the first action in the instant action, which is an implicit argument that the first action was a final judgment on the merits, as that is an element of both *res judicata* and collateral estoppel. *Supra* ¶¶ 41-42. Moreover, we conclude that there was a common issue key

- 9 -

to both the first action and instant action: whether Direct owed coverage to Benitez-Yanez on the day of the 2013 incident. The summary judgment in the first action makes a final adjudication that it did not: "Direct Auto has no duty to defend or indemnify *** Benitez-Yanez for the accident described in the complaint."[1] American's complaint in the instant action firmly alleges that it did and therefore that American owes no coverage to Garcia on his uninsured motorist claim. Under these circumstances, we see no reason to find that either of the first two elements of collateral estoppel was not duly established.

¶ 53    As American was not a party to the first action, dismissal of the instant action based on collateral estoppel was appropriate only if American was in privity with a party to the first action. While this court has stated that insureds and insurers are in privity, it did so in the context of non-coverage litigation, where the insurer was defending the insured pursuant to the policy between them. See *Preferred America Insurance v. Dulceak*, 302 Ill. App. 3d 990, 995-96 (1999). This privity does not necessarily exist in a declaratory judgment action litigating coverage. *Oshana v. FCL Builders, Inc.*, 2013 IL App (1st) 120851, ¶ 26.

¶ 54    That said, there was a distinct conflict of interests in *Oshana* (*id.*) that did not exist here. In the first action, Direct was seeking to declare that its policy with Benitez-Yanez did not cover the 2013 incident. Garcia had filed a claim for that incident against Direct's policy and therefore had an interest in Direct not obtaining the declaration it sought. The fact that Garcia opposed American in the instant action regarding his uninsured motorist claim does not change that their interests were aligned at the time of the first action. Indeed, Benitez-Yanez presumably would have preferred to be covered by Direct pursuant to the liability policy she and Flores-Jimenez paid for. We conclude that the court did not err in finding American to be in privity with a party to the first action and thus did not err in granting Direct's motion to dismiss.

¶ 55    Lastly, as to the fairness of applying collateral estoppel against American, we find that fairness supports estopping American. Garcia was a party to the first action and is indisputably bound under *res judicata* by the judgment therein that ended his prospect of having a claim against Direct. If this court were to disregard that and remand for the instant action to proceed, either the trial court would have to find squarely contrary to its judgment on the merits in the first action or it would leave Garcia without either a liability claim against Direct or an uninsured motorist claim against American. That does not strike us as fair or just.

¶ 56                                    IV. CONCLUSION
¶ 57    Accordingly, we affirm the judgment of the circuit court.

¶ 58    Affirmed.

---

[1]We reject American's disingenuous argument that the reference in the first action's judgment to the accident in the first action complaint is ambiguous. While that complaint includes a reference to "the accident of January 6, 2013," as American contends, it also clearly refers to the collision or incident between Garcia and Benitez-Yanez as occurring "on September 23, 2013," and repeatedly refers to that date as a key date in the first action litigation.