**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240263-U

Order filed June 18, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| VB BTS II, LLC, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| | ) | Appeal No. 3-24-0263 |
| v. | ) | Circuit No. 22-MR-752 |
| | ) | |
| BLOOMINGDALE TOWNSHIP and THE | ) | |
| COUNTY OF DUPAGE, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Anne Therieau Hayes |
| (Bloomingdale Township, Defendant-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court's judgment is void due to the failure to join a necessary party. Vacated and remanded with directions.

¶ 2     Plaintiff, VB BTS II, LLC (Vertical Bridge), applied for a permit to build an access drive across an unimproved strip of land (Disputed Area) in the Medinah Spring Valley Lake subdivision (Subdivision) in Bloomingdale Township. The Township denied the permit application,

finding the Disputed Area could not be used for a purely private purpose and the Township needed its electors' approval before it could grant the requested permit. The circuit court affirmed on *certiorari*, and Vertical Bridge appealed. We find the court's judgment void due to the failure to join Medinah Spring Valley Lake, Inc. (MSVL), as a necessary party to the action. Accordingly, we vacate the judgment and remand to the circuit court for further proceedings.

¶ 3                                     I. BACKGROUND

¶ 4                     A. The Disputed Area and Events Preceding Litigation

¶ 5          In 1955, The Branigar Organization, Inc. (Branigar), recorded a plat creating the Subdivision. In 1961, Branigar conveyed the Subdivision's southernmost lot (lot 171) to MSVL. Lot 171 comprises a lake and undeveloped land.

¶ 6          In 2019, Vertical Bridge leased[1] from MSVL a 2,400-square-foot plot of land (Site) on lot 171. The lease allows Vertical Bridge to build a cell tower on the Site. Although the Site lacks direct access to a public roadway, the lease grants Vertical Bridge an easement in adjacent MSVL property for "ingress, egress, and utility purposes to and from a public right-of-way."

¶ 7          The Disputed Area is an unimproved 66-foot-wide strip of land just north of the Site. It abuts a roadway to the east. The 1955 Subdivision plat marks the Disputed Area as a "66 FT. EASEMENT FOR FUTURE ROAD." In July 2020, Vertical Bridge's contractor, Insite Re, Inc. (Insite), applied to the Township's highway commissioner for a road entrance permit to build an access drive across the Disputed Area.

---

[1]Plaintiff, VB BTS II, LLC, is a subsidiary of Vertical Bridge REIT, LLC, a communications infrastructure company. Plaintiff was assigned the leasehold by a sister subsidiary, VB BTS, LLC, which in turn was assigned the leasehold by Vertical Bridge Development, LLC. For simplicity's sake, "Vertical Bridge" refers to plaintiff or one of its predecessors-in-interest.

¶ 8        The highway commissioner promptly issued Vertical Bridge a permit (2020 permit). In December 2020, the highway commissioner resigned, and the Township abolished its road district and, by extension, the office of highway commissioner. See 605 ILCS 5/6-134(a) (West 2020).

¶ 9        In June 2021, several MSVL shareholders filed a lawsuit challenging the MSVL board's authority to enter the lease with Vertical Bridge. In October 2021, the court ruled in favor of the MSVL board.

¶ 10       The 2020 permit expired in July 2021, with no construction work having commenced. From November 2021 to February 2022, Insite corresponded with the Township's highway department to secure the permit's renewal.

¶ 11       In March 2022, the Township's counsel informed Insite that (1) Vertical Bridge could not access the Disputed Area without entering into a license agreement and (2) the Township board of trustees could not execute the license agreement without the Township electors' approval. Counsel asserted that section 30-50 of the Township Code (60 ILCS 1/30-50 (West 2022)) required a special vote by Township electors as the potential agreement involved the transfer of a property right. The draft agreement provided that the Disputed Area was "under the jurisdiction and control of the Township."

¶ 12       Meanwhile, Vertical Bridge applied to the County of Du Page (County) for a permit to build its proposed cell tower. In July 2022, the County issued a building permit to Vertical Bridge.

¶ 13       In October 2022, the Township held an electors' vote on a resolution purporting to delegate the electors' power to the Township Board to negotiate a license or similar access across the Disputed Area. The electors voted against the resolution.

¶ 14       In November 2022, the Township advised the County of the 2020 permit's invalidity "as of July 2022," prompting the County to revoke the building permit. Vertical Bridge filed an

administrative appeal before the County, arguing the building permit revocation was based on the unjustified assumption that the Township had a legal interest in the Disputed Area. The County denied the appeal.

¶ 15                                    B. Litigation Commences

¶ 16          In December 2022, Vertical Bridge filed a multi-count complaint against the Township and the County. (The County is not a party to this appeal.)

¶ 17          In February 2023, Vertical Bridge moved for *mandamus* and a preliminary injunction. It argued the Disputed Area was private land, the Township Code did not authorize an electors' vote concerning the use of private land, and Vertical Bridge had already acquired rights to access the Disputed Area under its lease with MSVL, which owned lot 171. The motion attached affidavits by a licensed surveyor, a land title examiner, and MSVL's president. The surveyor and title examiner averred that, according to the 1955 Subdivision plat, the Disputed Area was in lot 171. MSVL's president averred the Disputed Area was "vacant land planted in grass" near two lakes only MSVL shareholders were allowed to use. The motion also included a photograph depicting a "Private Property/No Trespassing" sign near the Disputed Area.

¶ 18          Vertical Bridge and the Township took steps outside of court to bolster their respective positions. Vertical Bridge presented the County's mapping department with the 1955 Subdivision plat and requested that it modify its geographic information system (GIS) map to show the Disputed Area within lot 171's borders. It also secured an updated land survey showing the Disputed Area within lot 171. Meanwhile, the Township clerk signed a document entitled "Official Entry in the Public Records," recording the Township's acceptance of "a dedication of certain property for public road purposes," including any "future highways and roads *** referenced as an easement" in any subdivision plat within the Township's possession.

¶ 19    In February 2023, the Township moved to dismiss the complaint as premature. It argued Vertical Bridge was attempting to bypass the Township's administrative process, having "not even submitted an application to the Township for a road access permit."

¶ 20                        C. Vertical Bridge's 2023 Permit Application

¶ 21    In March 2023, the County updated its GIS map to show the Disputed Area within lot 171. Thereupon, Vertical Bridge applied to the Township for a road access permit identical to the 2020 permit. Vertical Bridge marked the application a "re-submittal" and attached a $500 bond check and a February 2023 survey showing the Disputed Area within lot 171. The Township initially refused to process the application, citing Vertical Bridge's failure to register with the Secretary of State as a foreign limited liability company. Vertical Bridge registered later that month.

¶ 22                        D. The Township's April 2023 Decision

¶ 23    In April 2023, the Township issued a written decision denying the permit application. The decision's issuance followed an administrative process limited to Vertical Bridge's submission of compliance items: a one-page permit application, a survey, a bond check, and proof of corporate registration. The decision drew on Vertical Bridge's submissions as well as materials the Township deemed relevant from the ongoing litigation and its own records.

¶ 24    The Township concluded the Disputed Area was owned by the Township, and not by MSVL. It rejected the February 2023 survey and found an earlier survey correctly showed the Disputed Area outside of lot 171. The earlier survey, it noted, was consistent with the County's GIS map. The Township considered the three affidavits Vertical Bridge submitted in the circuit court and found they did not overcome the evidence that the Township owned the Disputed Area.

¶ 25    The decision did not mention the word "easement." It found the 1955 Subdivision plat dedicated the Disputed Area to the Township for the benefit of the public as a future public road.

5

Citing the February 2023 "Official Entry in the Public Records," the Township found it had "accepted and acknowledged ownership of [the Disputed Area] as Township Property."

¶ 26 The Township also found it could not enter a license agreement absent a favorable vote by Township electors and the posting of a $7,500 bond. It suggested Vertical Bridge could construct an access drive along the northern portion of lot 171 in a manner that would not encroach on the Disputed Area. Finally, the Township advised Vertical Bridge it could seek judicial review via a writ of *certiorari*.

¶ 27 E. Amended Complaint

¶ 28 In late April 2023, Vertical Bridge amended its complaint to add three counts, including a *certiorari* count, against the Township. The amended complaint challenged the Township's finding that the Disputed Area was Township property, alleging that, "[a]t most, the Township only had a future easement [over the Disputed Area] and the underlying fee was owned by MSVL." The amended complaint cited the County's updated GIS map—showing the Disputed Area within lot 171—as evidence "the Township only has an Easement over a portion of Lot 171 as granted by the [1955 Subdivision plat]." It alleged the Disputed Area was never dedicated for public use and the Township never accepted any such dedication. It also alleged that, by issuing the 2020 permit, "the Township has conceded that the Easement is not corporate property."

¶ 29 In August 2023, the circuit court remanded the matter, directing the Township to consider the updated GIS map and to make separate findings of fact and law.

¶ 30 F. The Township's Revised Decision

¶ 31 On remand, Vertical Bridge submitted a supplementary record to the Township. This record included the updated GIS map, the 1955 Subdivision plat, lease agreements between

Vertical Bridge and MSVL, and communications by Vertical Bridge's counsel from 2022 and its consultant, Insite, from 2021.

¶ 32 In September 2023, the Township issued a revised written decision, once again denying Vertical Bridge's permit application. The revised decision repeated significant portions of the April 2023 decision and incorporated additional legal analysis.

¶ 33 The Township acknowledged, for the first time, that the Disputed Area was platted as an "easement for future road," and asserted that easements may be statutorily dedicated. It accepted the updated GIS map, but found it was not dispositive. The Township concluded the Disputed Area had been dedicated to it by statute—and if not by statute, then by common law—to be held in public trust for a future public road. In either case, the Township found it had accepted that dedication.

¶ 34 The Township recognized Vertical Bridge had raised an equitable estoppel argument in the circuit court. It rejected that argument, finding the former highway commissioner's issuance of the 2020 permit did not estop it from denying the 2023 permit application.

¶ 35 The Township reiterated (1) Vertical Bridge would need the Township electors' approval for its desired use of the Disputed Area and (2) such use must demonstrate a public benefit sufficient to satisfy the mandate of the Illinois constitution. The Township also suggested, once again, that Vertical Bridge could relocate its proposed access drive such that it did not encroach on the Disputed Area.

¶ 36 G. Consent Decree and Circuit Court Ruling

¶ 37 In September 2023, Vertical Bridge moved for an expedited hearing on the *certiorari* count and, in conjunction with the County, moved for the approval of a consent decree resolving all claims against the County. As part of the consent decree, the County agreed to reissue a cell tower

7

building permit if a road access permit was ultimately issued. The circuit court granted both motions.

¶ 38 In January 2024, the circuit court affirmed the revised decision. In April 2024, the court entered judgment on the *certiorari* count in favor of the Township, and Vertical Bridge voluntarily dismissed the remaining counts with prejudice.

¶ 39 This appeal followed.

¶ 40 II. ANALYSIS

¶ 41 The Township and Vertical Bridge contest (1) the Township's interest in the Disputed Area, (2) the 2020 permit's estoppel effect, (3) the Site's landlocked status, (4) the proposed access drive's compatibility with an easement for a future road, and (5) Vertical Bridge's forfeiture of certain arguments.

¶ 42 Although these issues frame much of the parties' contentions, the resolution of the appeal lies elsewhere. The case centers on a property dispute, yet the ostensible property owner— MSVL—was never made a party to the suit.

¶ 43 Due process requires joinder of all necessary parties to an action, and an order entered without jurisdiction over a necessary party is void. *Victor Township Drainage District 1 v. Lundeen Family Farm Partnership*, 2014 IL App (2d) 140009, ¶ 39. Circuit courts and reviewing courts alike may raise the failure to join a necessary party *sua sponte*. *Id.*

¶ 44 "A necessary party has been defined as one who has a legal or beneficial interest in the subject matter of the litigation and will be affected by the action of the court." (Internal quotation marks omitted.) *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 970 (1998). "For the most part, the caselaw has analyzed the concept functionally, in terms of the reasons such parties must be joined." *Id.* An absentee is a necessary party when joinder is required (1) to protect the

8

absentee's interest in the controversy's subject matter that could be materially affected by a judgment entered in its absence, (2) to protect the interests of those already before the court, or (3) to permit a complete resolution of the controversy. *American Freedom Insurance Co. v. Garcia*, 2021 IL App (1st) 200231, ¶ 36.

¶ 45    The record implicates the first basis for joinder: protecting an absentee, MSVL, from a judgment materially affecting its interest in the controversy's subject matter, the Disputed Area. Under this basis, the absentee's interest must be present and substantial, not a mere expectation or future contingency. *Id.* This requirement is satisfied here.

¶ 46    MSVL has a present and substantial interest in the Disputed Area. The record reflects that (1) MSVL is the current fee owner of lot 171; (2) the County's updated GIS map depicts the Disputed Area within lot 171; and (3) according to a surveyor and a title examiner, the 1955 Subdivision plat places the Disputed Area within lot 171. These facts alone demonstrate MSVL has, at the very least, a plausible claim to fee ownership of the Disputed Area.

¶ 47    We recognize the Township initially found MSVL did not own the Disputed Area. That finding only strengthens our conclusion. A direct challenge to MSVL's ownership interest provides a more compelling basis for joinder, as it threatens to completely divest MSVL of its interest in the Disputed Area. Thus, regardless of the Township's stance on the Disputed Area's ownership, MSVL maintains a present and substantial interest in the controversy's subject matter.

¶ 48    Moreover, the circuit court's judgment materially affects that interest. The court affirmed the Township's finding that Branigar dedicated the Disputed Area to it as an easement for a future road. As Branigar's successor-in-interest, MSVL is necessary to any court proceeding addressing the question of dedication. The validity of such dedication has obvious ramifications for MSVL, as a dedicated easement would encumber MSVL's ostensible fee interest in the Disputed Area.

9

See *McMahon v. Hines*, 298 Ill. App. 3d 231, 235-36 (1998) (an easement burdens the servient estate in favor of the dominant estate). The court also affirmed the Township's finding that its purported easement over the Disputed Area was "property held in the public trust," precluded from purely private uses and within the exclusive domain of the Township's electors. This conclusion necessarily precludes even the Disputed Area's fee owner from purely private uses without the electors' approval. MSVL's ostensible fee interest is thus materially affected by a judgment affirming both the validity and preclusive effect of the Township's dedication finding.

¶ 49        Finally, we note the doctrine of representation does not apply here. Under this doctrine, the court may deem an absent and otherwise necessary party "fully and adequately represented" by a party already in the case. *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 81. MSVL's interest is not fully and adequately represented by Vertical Bridge (and certainly not by the Township). MSVL ostensibly has a fee interest in the Disputed Area, whereas Vertical Bridge claims only an easement right. A fee owner holds a superior interest to an easement holder and would be expected to defend its rights with greater vigor than the easement holder. *Cf. People ex rel. Carson v. Mateyka*, 57 Ill. App. 3d 991, 995 (1978) (fee owners and easement holders adequately represented absent parties who claimed an easement interest in the subject property). Tellingly, Vertical Bridge has abandoned on appeal any arguments concerning the validity of dedication. It is MSVL's prerogative—as the ostensible fee owner—to make (or waive) such arguments, as it stands to lose a more significant interest under the interpretation of dedication adopted by the circuit court.

¶ 50        In short, the Disputed Area's purported dedication compels MSVL's joinder as a necessary party. MSVL is the only party with a robust fee-interest claim to the Disputed Area and is the successor-in-interest to the purported dedicator. The validity of dedication, though uncontested by

10

the parties, remains unresolved as to MSVL. Thus, because the circuit court entered its judgment without jurisdiction over MSVL, its judgment is void. *Victor Township*, 2014 IL App (2d) 140009, ¶ 39.

¶ 51                                    III. CONCLUSION

¶ 52        We decline to reach the merits of the appeal in MSVL's absence. MSVL is a necessary party to this action; its ostensible fee interest in the Disputed Area is a present and substantial interest materially affected by the circuit court's judgment, and Vertical Bridge does not adequately represent that interest. Accordingly, we vacate the circuit court's judgment and remand to the circuit court for the addition of MSVL as a necessary party.

¶ 53        Vacated and remanded with directions.