NOTICE

Decision filed 09/22/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220143-U

NO. 5-22-0143

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| FIRST MIDWEST BANK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 18-CH-138 |
| | ) | |
| JOHN T. ALLEN JR. and MARGUERITE ALLEN, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The defendants failed to file their section 2-1401 petition for relief from judgment in the same proceeding in which the allegedly void order was entered as required under 735 ILCS 5/2-1401(b) (West 2020), and the petition should have been dismissed without prejudice; the trial court erred in denying the section 2-1401 petition, and that order is vacated and the cause is remanded with instructions to dismiss the defendants' section 2-1401 petition without prejudice.

¶ 2   The defendants, John Allen and Marguerite Allen, appeal from the trial court's orders denying their petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)) and denying their motion to reconsider that order. The defendants claim that the trial court erred in finding that the provision in subsection 2-1401(b) (735 ILCS 5/2-1401(b) (West 2020)), requiring that a section 2-1401 petition be filed in the same proceeding in which the challenged order was entered, applied to a section 2-1401 petition challenging a void order. The defendants also claim that the trial court erred in denying their

1

section 2-1401 petition on the merits. For the following reasons, we vacate the order denying the defendants' section 2-1401 petition and remand the case to the trial court with instructions to dismiss the section 2-1401 petition without prejudice.

¶ 3                                      I. BACKGROUND

¶ 4     This lawsuit began in September 2018, when the plaintiff, First Midwest Bank (Bank),[1] filed a mortgage foreclosure action against the defendants in the circuit court of Vermilion County in case No. 2018-CH-138 (the 2018 action). The Bank had filed a prior foreclosure action against the defendants in Vermilion County in case No. 2012-CH-39 (the 2012 action), but that case was dismissed on the Bank's motion after the defendants became current on their monthly payments. During the course of the 2018 action, the defendants filed a section 2-1401 petition seeking relief from an allegedly void order that had been entered in the 2012 action. This appeal arises from the trial court's decision to deny that petition. The background and procedural history, taken from the pleadings and supporting exhibits contained in the record on appeal, follows.

¶ 5     In April 2010, the defendants obtained a $104,000 loan from the Bank. The defendants signed a promissory note and mortgaged their home in Danville, Illinois, as security for the loan. In 2011, the defendants fell behind on their monthly mortgage payments. Defendant John Allen filed a petition seeking a discharge of his personal debts under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. § 727 (2012)). John Allen was granted a discharge of his personal debts on May 18, 2012.[2]

---

[1]During the pendency of this appeal, First Midwest Bank filed a motion to substitute Old National Bank, a successor by merger, as the appellee in this matter. The motion was taken with the case and is hereby granted. For consistency, we will refer to the plaintiff-appellee as "Bank" in this order.
[2]Under Chapter 7 of the Bankruptcy Code, a creditor may enforce a valid lien, such as a mortgage or security interest, against property of the debtor that is secured by the lien, provided the lien has not been avoided in the bankruptcy case. 11 U.S.C. § 724 (2012).

¶ 6    Meanwhile, on February 6, 2012, the Bank brought a mortgage foreclosure action against the defendants in the circuit court of Vermilion County in cause No. 2012-CH-39. On May 11, 2012, the circuit court entered a summary judgment in favor of the Bank. In the written judgment of foreclosure, the defendants were ordered to pay the sum of $116,937.18, plus interest and costs, to the Bank. The 2012 judgment of foreclosure provided that the period for redemption would end on September 13, 2012, or such other date as ordered by the circuit court. If the defendants were unable to pay the full amount of the judgment, their residential property would be sold in an auction on September 20, 2012. The 2012 judgment of foreclosure included a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal. On July 2, 2012, the circuit court denied the defendants' motion to reconsider the judgment of foreclosure. On July 31, 2012, the defendants filed an appeal in the Illinois Appellate Court, Fourth District.

¶ 7    On September 10, 2012, John Allen filed a voluntary petition for debtor relief under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 1301 *et seq*. (2012)). Marguerite Allen was not a party in that case. Upon the filing of the petition, an automatic stay was issued as to all existing litigation involving John Allen, including the appeal from the 2012 foreclosure order. During the next three years, the defendants repaid the arrearage owed to the Bank under a plan approved by the bankruptcy court. With the defendants current on their obligations, the Bank took steps to dismiss the foreclosure litigation against them. On November 15, 2015, the bankruptcy court granted the Bank's motion to modify the automatic stay as to the pending appeal.

¶ 8    In April 2016, the Bank filed a motion to dismiss the defendants' appeal, along with a supporting affidavit. The Bank notified the appellate court that the bankruptcy court had lifted the stay. The Bank asserted that there was no longer a justiciable case or controversy warranting

3

appellate review because the defendants had paid the arrearage and were current on their monthly mortgage obligations. The Bank asked the appellate court to dismiss the defendants' appeal and to remand the case to the circuit court with instructions to vacate the 2012 judgment of foreclosure and to dismiss the foreclosure case. On June 8, 2016, the appellate court entered an order dismissing the appeal, without a remand. The mandate was issued July 14, 2016.

¶ 9        On July 8, 2016, the Bank filed a motion to vacate the 2012 judgment of foreclosure and to dismiss its complaint in the 2012 action.[3] Following a hearing on July 21, 2016, the circuit court vacated the 2012 judgment of foreclosure and dismissed the Bank's complaint for foreclosure.

¶ 10       On September 18, 2018, the Bank filed the current foreclosure complaint against the defendants in the circuit court of Vermilion County in 2018-CH-138. The United States of America was later added as a party-defendant because it had several recorded tax liens against the defendants' residential property totaling almost $80,000. In the second amended complaint filed on November 22, 2019, the Bank alleged that the defendants had defaulted on their payment obligations under the note and mortgage as of January 1, 2018, and that the total amount due under the secured note was $106,356.40, plus interest and costs. The Bank sought a judgment to foreclose the mortgage and to sell the mortgaged property. The Bank also sought a personal judgment for any deficiency against Marguerite Allen. It did not seek a deficiency judgment against John Allen due to his prior Chapter 7 discharge in bankruptcy.

¶ 11       On January 19, 2021, the defendants filed a petition for relief from judgment under section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2020)) in the 2018 foreclosure action. The defendants claimed that the order entered July 21, 2016, purporting to vacate the 2012 judgment

---

[3]The motion was signed by the Bank's attorney on June 16, 2016, but it was not file stamped until July 8, 2016.

of foreclosure, was void. The defendants alleged that the 2012 judgment of foreclosure included a Rule 304(a) finding that there was no just reason to delay enforcement or appeal of the judgment; that the judgment of foreclosure became final and immediately appealable on August 2, 2012, upon the denial of the defendants' motion to reconsider; and that thereafter the circuit court lost jurisdiction to amend or vacate the judgment of foreclosure. The defendants further alleged that the dismissal of the appeal did not restore the circuit court with authority to vacate or modify the judgment and left the 2012 judgment of foreclosure standing as if the appeal never occurred.

¶ 12    The Bank filed a motion to strike the defendants' section 2-1401 petition. The Bank argued that the petition was not filed in the same proceeding in which the challenged order was entered as required under section 2-1401(b) of the Code (735 ILCS 5/2-1401(b) (West 2020)), and because the petition was not filed within two years after entry of the challenged order as required under section 2-1401(c) of the Code (735 ILCS 5/2-1401(c) (West 2020)). In reply, the defendants argued that subsection 2-1401(b) and subsection 2-1401(c) did not apply to a section 2-1401 petition seeking relief from a void order.

¶ 13    After considering the oral and written arguments of the parties, the trial court denied the defendants' section 2-1401 petition. In a written order entered May 5, 2021, the trial court found that the defendants failed to file their section 2-1401 petition in the same proceeding in which the challenged order had been entered. The trial court further found that the matters pertinent to the petition were contained in the 2012 proceeding, and that the filing of the section 2-1401 petition in an entirely separate proceeding obfuscated a proper analysis of the issues raised in the petition. In its written order, the trial court went on to find that even if the defendants' arguments were considered on the merits, "the ultimate conclusion" was that the order of July 21, 2016, vacating the 2012 judgment of foreclosure in 2012-CH-39, was not void because the circuit court had

5

jurisdiction over the proceedings on that date. The circuit court denied the defendants' motion to reconsider. This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    Initially, we consider whether the defendants' section 2-1401 petition for relief from judgment was properly denied because the petition was not filed in the same proceeding in which the allegedly void order was entered. The defendants assert that their petition was brought under subsection 2-1401(f) (735 ILCS 5/2-1401(f) (West 2020)) to attack a void order. They argue that a petition brought under subsection 2-1401(f) is not subject to the provision in subsection 2-1401(b) (735 ILCS 5/2-1401(b) (West 2020)), requiring that a section 2-1401 petition be filed in the same proceeding in which the challenged order was entered.

¶ 16    Section 2-1401 provides a comprehensive statutory procedure for obtaining relief from a final order or judgment more than 30 days after it was entered. 735 ILCS 5/2-1401 (West 2020); *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31; *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Subsection 2-1401(b) provides that the petition "must be filed in the same proceeding in which the order or judgment was entered." 735 ILCS 5/2-1401(b) (West 2020); *Vincent*, 226 Ill. 2d at 7. The filing of the petition is considered a new proceeding, not a continuation of the original proceeding. 735 ILCS 5/2-1401(b) (West 2020). The petition begins an "independent and separate action," and it must be supported by an affidavit or matters not already of record. 735 ILCS 5/2-1401(b) (West 2020); *Warren County*, 2015 IL 117783, ¶ 31.

¶ 17    A section 2-1401 petition can present either a factual or legal challenge to a final judgment or order. *Warren County*, 2015 IL 117783, ¶ 31. The nature of the challenge dictates the proper standard of appellate review. *Warren County*, 2015 IL 117783, ¶ 31. When a section 2-1401 petition presents a purely legal claim, the standard of review is *de novo*. *Warren County*, 2015 IL

117783, ¶ 47. When a section 2-1401 petition presents a fact-dependent challenge to a final judgment or order, the question is resolved by considering the particular facts, circumstances, and equities of the underlying case, and the trial court's decision is reviewed for an abuse of discretion. *Warren County*, 2015 IL 117783, ¶ 51.

¶ 18 A section 2-1401 petition may be brought to attack a void judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). Our supreme court has determined that some of the general rules pertaining to section 2-1401 petitions do not apply to petitions brought on voidness grounds under section 2-1401(f). *Sarkissian*, 201 Ill. 2d at 104. Petitions brought on voidness grounds are not required to be filed within two years of the date the challenged order or judgment was entered. *Sarkissian*, 201 Ill. 2d at 104. Additionally, an allegation that the judgment or order is void "substitutes for and negates" the need to allege the existence of a meritorious defense and due diligence. *Sarkissian*, 201 Ill. 2d at 104. The *Sarkissian* court, however, did not indicate that the requirements in subsection 2-1401(b), including the requirement that the petition be filed in the same proceeding in which the challenged order or judgment was entered, were not applicable to a section 2-1401 petition attacking a void order.

¶ 19 Section 2-1401(b) expressly provides that a section 2-1401 petition must be brought in the same proceeding in which the order or judgment was entered. 735 ILCS 5/2-1401(b) (West 2020); *Vincent*, 226 Ill. 2d at 7. The statute contains no exclusion for a petition brought to attack a void judgment or order. When statutory language is clear, it must be given effect. See generally *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). Illinois courts have long held that section 2-1401 requires that the postjudgment petition be filed in the same proceeding in which the challenged judgment was entered and, when possible, heard by the same judge who rendered the judgment. See, *e.g.*, *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶¶ 35-37 (recognizing the

7

statutory requirement that a postjudgment petition be filed in the same proceeding in which the error occurred and if possible before the same judge who rendered the original judgment (citing *People v. Sheppard*, 405 Ill. 79, 82 (1950))).[4]

¶ 20    Here, the trial court correctly found that the defendants failed to file their section 2-1401 petition for relief from a void order in the same proceeding in which the order was entered. In its order, the trial court aptly noted that the pleadings, orders, and other matters of record pertinent to the defendants' petition were contained in the original 2012 mortgage foreclosure action, and that the record in that proceeding was not before the court. At that point, the trial court should have dismissed the petition on that basis, rather than denying it. That should have ended the matter. The trial court, however, went on to indicate that "even if" the defendants' arguments were considered on the merits, "the ultimate conclusion" was that the order of July 21, 2016, vacating the judgment of foreclosure in 2012-CH-39, was not void. That was improper, particularly given the trial court's recognition that it did not have the complete record of proceedings in the 2012 action. We recognize that the defendants attached some of the pleadings filed in the 2012 proceeding as exhibits in support of their section 2-1401 petition. That said, the circuit court did not have the opportunity to review the entire record of the proceedings in the 2012 action, and neither do we.

¶ 21    Here, the defendants elected to file their petition for relief from a void order under section 2-1401 of the Code, but they failed to file that petition in the original foreclosure proceeding in which the challenged order was entered as required under section 2-1401(b) (735 ILCS 5/2-1401(b) (West 2020)). In light of the procedural deficiency, the trial court did not have the benefit

---

[4]In *Price*, the petitioner filed a section 2-1401 petition in the trial court, seeking to vacate the judgment of the appellate court. The supreme court held that the statute authorizing a section 2-1401 petition for relief from judgment does not authorize the circuit court to vacate a judgment of the reviewing court, and that section 2-1401 is inapplicable to reviewing courts. See *Price*, 2015 IL 117687, ¶¶ 38-39, 45.

of the entire record in the original proceeding, and therefore, it should not have considered the section 2-1401 petition on the merits. The trial court should have simply dismissed the petition without prejudice.

¶ 22                                    III. CONCLUSION

¶ 23    After reviewing the record, we find that the defendants failed to file their section 2-1401 petition in the same proceeding in which the allegedly void order was entered, as required in section 2-1401(b), and therefore, the section 2-1401 petition should have been dismissed without prejudice. Accordingly, we vacate the trial court's order denying the defendants' section 2-1401 petition, and we remand the case to the trial court with instructions to dismiss the defendants' section 2-1401 petition without prejudice.

¶ 24    Order vacated; cause remanded with directions.