2024 IL App (1st) 220725-U

No. 1-22-0725

Order filed August 30, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| ISSA AMER, d/b/a Amer Enterprises, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD D. RIDER, JR., Individually and as Receiver | ) | No. 20 CH 7460 |
| under Order of Court Dated July 18, 2016; REALTY & | ) | |
| MORTGAGE CO.; REALTY & MORTGAGE | ) | |
| BUILDING SERVICES CO.; and CARY G. SCHIFF, | ) | |
| d/b/a Cary G. Schiff & Associates, | ) | Honorable |
| | ) | Anna Helen Demacopoulos, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's dismissal of plaintiff's amended complaint with prejudice.

¶ 2    After Harold D. Rider, Jr., (Rider) was appointed as receiver in a mortgage foreclosure action, his court-authorized agent, Realty & Mortgage Co. (Realty), filed a forcible entry and

detainer action to obtain possession of a property that Issa Amer, doing business as Amer Enterprises (Amer), leased. Following the eviction court entering an *ex parte* order of possession for Amer's premises, the Cook County Sheriff's Office executed an eviction on the premises. Later, Amer filed the instant lawsuit against Rider, both individually and as court-appointed receiver, Realty, Realty & Mortgage Building Services Co. (Building Services), and Cary G. Schiff, doing business as Cary G. Schiff & Associates (Schiff, and collectively, defendants), for various causes of action related to the eviction. On defendants' joint motion, the circuit court dismissed all five counts of Amer's amended complaint with prejudice. Amer now appeals that dismissal and contends that the court erred for several reasons by dismissing his amended complaint. For the reasons that follow, we affirm the court's dismissal of Amer's amended complaint with prejudice.

¶ 3                                  I. BACKGROUND

¶ 4                          A. The Underlying Litigation

¶ 5     In March 2015, Amer leased a warehouse located at 12613 South Kroll Drive in Alsip, Illinois, which was a part of a larger industrial complex, from "Amazy-Alsip Centre." Amer's lease listed "Issa Amer Amer Enterprises" as the lessee. According to the lease, the purpose of leasing the warehouse was for the "storage of equipment." Thereafter, the industrial complex became subject to foreclosure proceedings in the circuit court of Cook County (Case No. 16 CH 7652). In July 2016, the foreclosure court entered an order appointing Rider as receiver to manage the industrial property while the foreclosure action remained pending. The appointment order granted Rider all of the powers enumerated in the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2016)) and the authority to "collect all rents relating to the property." As part of the appointment order, the foreclosure court authorized Rider to retain

Realty to assist him in managing the property, including lease management, tenant relations, and rent billing and collections, pursuant to section 15-1704(c) of the Foreclosure Law (*id.* § 15-1704(c)). The appointment order also stated that Rider could not employ legal counsel without explicit court approval. Three months later, Rider filed his first receiver's report, which described his actions as receiver for the first three months of his appointment. According to a document attached to Rider's first receiver's report, Amer's property was known internally as "A+A World of Furnishing & Remodeling." The foreclosure court approved the report and granted Rider's oral motion to employ Schiff as "eviction counsel."

¶ 6    In November 2016, "Realty & Mortgage Co. as Agent" filed a forcible entry and detainer action in the municipal division of the circuit court of Cook County against "Furnishing & Remodel A+A World Of" (Furnishing & Remodel) "and all unknown occupants" for allegedly unlawfully withholding possession of the warehouse that Amer leased (Case No. 16 M1 720792). Schiff was listed on the complaint as Realty's attorney. Thereafter, the clerk of the circuit court issued summonses. Multiple attempts at service through the Cook County Sherriff's Office and a special process server were made at the property Amer leased, but each attempt was unsuccessful. Ultimately, Realty filed an affidavit for service by posting. In turn, the Cook County Sheriff's Office posted notice of the lawsuit at three different governmental offices in Chicago and sent a notice to each defendant at the address of Amer's property. On January 4, 2017, the eviction court granted an *ex parte* order of possession in favor of Realty and against Furnishing & Remodel and all unknown occupants for the property listed on Amer's lease.

¶ 7    Later that month, the foreclosure court approved Rider's second receiver's report, in which he stated that one of the five pending eviction actions was "AA World of Furnishing," which had the same address as the property Amer leased. In March 2017, the Cook County Sheriff's Office

performed an eviction of the property listed on Amer's lease. According to an eviction worksheet, the Cook County Sheriff's Office made a forced entry. The worksheet further asserted that possession of the property was tendered to Rosie Stephens, an agent of Realty. The following month, the foreclosure court approved Rider's third receiver's report, in which he stated that "AA World of Furnishing" with the same address listed on Amer's lease had been evicted from the industrial complex. Also that month, according to Amer's amended complaint, Amer orally demanded Realty return his personal property, but the company failed to do so.

¶ 8    In October 2017, an attorney for Amer sent a demand letter to Schiff, on behalf of Realty and Building Services, asserting that Realty and Building Services, or their agents, wrongfully entered Amer's warehouse, and destroyed or appropriated his personal property. Amer's attorney requested Realty and Building Services return the appropriated property, provide damages for any property destroyed, and provide an accounting of the items appropriated and destroyed. According to Amer's amended complaint, Realty and Building Services failed to return his personal property.

¶ 9                              B. The Instant Litigation

¶ 10    In December 2020, Amer initiated the instant lawsuit against Realty and Building Services in the chancery division of the circuit court of Cook County. Relevant here, Count I of his complaint sought a declaration that the *ex parte* order of possession was void for a lack of jurisdiction. On Realty and Building Services' joint motion, the circuit court dismissed Amer's complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). The court, however, granted Amer leave to file an amended complaint and added that "[n]othing in this order shall preclude [Amer] from filing a [section 2-1401] petition *** to vacate" the *ex parte* order of possession in the eviction court.

- 4 -

¶ 11    Amer evidently chose not to pursue relief in the eviction court and instead, he amended his complaint and added as defendants, Rider, both individually and as court-appointed receiver, and Schiff. In Count I of the amended complaint, which was again for a declaratory judgment, Amer requested a declaration that the *ex parte* order of possession was void for a lack of subject-matter jurisdiction because Realty, the named plaintiff, had no authority to bring the forcible entry and detainer action. Additionally, Amer posited that Schiff had no authority to represent Realty in the eviction action. Count II was for trover and conversion based on Rider, Realty, Building Services, or agents thereof, allegedly destroying or converting approximately $250,000 worth of personal property belonging to Amer that he had stored in the premises. Count III and Count IV were for trespass and a violation of section 9-101 of the Code (*id.* § 9-101), respectively, based on Rider, Realty, Building Services, or agents thereof, allegedly unlawfully making forcible entry into Amer's property. Lastly, Count V was for an accounting of the personal property of Amer's that Rider, Realty, Building Services, or agents thereof, allegedly took or destroyed. Although not clear from the amended complaint, it appears Schiff is a defendant for all five counts

¶ 12    Defendants subsequently filed a joint motion to dismiss Amer's amended complaint. First, they argued that, under section 2-619(a)(1) of the Code (*id.* § 2-619(a)(1)), the circuit court did not have jurisdiction because a claim brought against a court-appointed receiver and his agents must be brought in the court that created the receivership, *i.e.*, with the judge in the foreclosure case. Defendants also argued that, under section 2-615 of the Code (*id.* § 2-615), Amer's amended complaint was insufficient at law because he relied on conclusory allegations unsupported by specific facts. In response, Amer contended that the court had jurisdiction and defendants had failed to provide any legal authority authorizing Realty to bring the initial forcible detainer action.

No. 1-22-0725

Lastly, Amer argued that his amended complaint sufficiently alleged facts supporting his various causes of action.

¶ 13    Following the parties' briefing, the circuit court dismissed all five counts of Amer's amended complaint with prejudice under section 2-615 of the Code (*id.*). Concerning Count I, the court stated:

"the requested relief *** for Declaratory Judgment is a collateral attack on a previous judgement and does not seek to declare the rights of the parties going forward and is therefore an inappropriate Declaratory Judgments cause of action. [The count] is dismissed with prejudice because plaintiff can never allege sufficient facts as an independent cause of action to declare a previously entered judgement void in a collateral proceeding."

Concerning Counts II through V, the court stated it:

"takes judicial notice of the court orders appointing the receiver and approving the receivership reports in the foreclosure action, Case No. 2016-CH-07652, and the attachments to the complaint that contradict the allegations in the complaint and therefore the Court finds that Plaintiff could never state a cause of action for Counts II-V."

¶ 14    This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    Amer contends for various reasons that the circuit court erred by dismissing his amended complaint.[1] A motion to dismiss under section 2-615 "challenges the legal sufficiency of a

_____

[1] Schiff is the only appellee to have filed an appellee brief in this matter.

- 6 -

complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). The question on review from such a dismissal "is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to establish a cause of action upon which relief may be granted." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). We review a section 2-615 dismissal *de novo. Id.* Additionally, we may affirm the court's dismissal on any basis supported by the record. *American Freedom Insurance Co. v. Garcia*, 2021 IL App (1st) 200231, ¶ 32.

¶ 17                                   A. Count I

¶ 18    We first turn to Count I of Amer's amended complaint. In Count I, Amer alleged the *ex parte* order of possession from the eviction court was void for a lack of subject-matter jurisdiction. However, on appeal, Amer contends that the circuit court should have considered that the order was void for a lack of subject-matter jurisdiction and a lack of personal jurisdiction because he was never properly served. Although Amer can raise a new theory of voidness for the first time on appeal (see *Casteel v. Jiminez*, 2022 IL App (1st) 201288, ¶ 23), he did argue in briefing below that the eviction court lacked personal jurisdiction over him due to a lack of service.

¶ 19    Whether an order is void "depends on whether the court entering the challenged order possessed jurisdiction over the parties and the subject matter." *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). Where there is a lack of jurisdiction, any ensuing order from the court is void. *Id.* In *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 105 (2002), our supreme court asserted that "petitions seeking relief from void judgments [or orders] are section 2-1401 petitions." *Id.* And thus, following *Sarkissian*, this court has stated that pleadings to challenge a judgment or order as void "must be brought under section 2-1401 [of the Code]." *OneWest Bank,*

*FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 14; see also *Cook v. Burnette*, 341 Ill. App. 3d 652, 660 (2003) (asserting that "because the banks' petitions were filed for the purpose of seeking to vacate a void order, we must categorize them as" petitions under section 2-1401).

¶ 20    Section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)) permits a party to seek relief from a final judgment or order more than 30 days after its entry through filing a petition. *PNC Bank, National Ass'n v. Kusmierz*, 2022 IL 126606, ¶ 15. Although "[t]he petition must be filed in the same proceeding in which the order or judgment was entered," it "is not a continuation thereof." 735 ILCS 5/2-1401(b) (West 2020). Rather, the petition commences a new proceeding. *Sarkissian*, 201 Ill. 2d at 102. As a general rule, a section 2-1401 petition must be filed within two years after the entry of the challenged order or judgment (735 ILCS 5/2-1401(c) (West 2020)), and allege: "(1) due diligence in presenting the defense or claim, (2) due diligence in filing the petition, and (3) a meritorious defense." *Kusmierz*, 2022 IL 126606, ¶ 15. However, these general requirements do not apply to a petition brought on voidness grounds (*Sarkissian*, 201 Ill. 2d at 104), and a party may challenge a void order at any time. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 15.

¶ 21    In the instant case, Count I of Amer's amended complaint sought a judgment declaring the eviction court's *ex parte* order of possession void for a lack of jurisdiction. Amer indisputably did not reference section 2-1401 of the Code, which was the proper vehicle to challenge the allegedly void order. See *OneWest*, 2013 IL App (1st) 120010, ¶ 14; *Cook*, 341 Ill. App. 3d at 660. More importantly, Amer filed Count I of his amended complaint in the present case, not the eviction action. As discussed, a section 2-1401 petition "must be filed in the same proceeding in which the [challenged] order or judgment was entered," even though the petition "is not a continuation thereof." 735 ILCS 5/2-1401(b) (West 2020).

¶ 22 Amer's misstep is similar to the defendants' mistake in *First Midwest Bank v. Allen*, 2023 IL App (5th) 220143-U. There, during a mortgage foreclosure action, the defendants filed a section 2-1401 petition seeking relief from an allegedly void order that had been entered in an earlier foreclosure case involving the same parties. *Id.* ¶ 4. The circuit court found that the defendants' section 2-1401 petition had not been filed in the proper case, but went on to deny the petition on its merits. *Id.* ¶ 13. On appeal, the appellate court acknowledged that *Sarkissian* had relaxed certain requirements of a section 2-1401 petition challenging an allegedly void order or judgment, but observed that our supreme court "did not indicate *** the requirement that the petition be filed in the same proceeding in which the challenged order or judgment was entered" was "not applicable to a section 2-1401 petition attacking a void order." *Id.* ¶ 18. As such, the appellate court concluded that the defendants' section 2-1401 petition had been filed in the wrong action. *Id.* ¶ 20.

¶ 23 Like the defendants in *Allen*, Amer filed Count I of his amended complaint improperly in this action rather than in the eviction action. See 735 ILCS 5/2-1401(b) (West 2020); *Allen*, 2023 IL App (5th) 220143-U, ¶ 20. Amer did this despite the circuit court not so subtly directing him to file a section 2-1401 petition in the eviction court when it dismissed his initial complaint. Given the relief Amer seeks in Count I, the court correctly concluded that he could never obtain such relief through the filing of a declaratory judgment in the instant case. As such, the court properly dismissed Count I of Amer's complaint with prejudice. See *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 584-85 (2003) (dismissal with prejudice is proper when "it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief").

¶ 24 B. Counts II through V

¶ 25    Amer next contends that the circuit court erred in finding that the various court orders in the foreclosure action and the attachments to his amended complaint contradicted the allegations of his amended complaint such that he could never state a cause of action in Counts II through V.

¶ 26    When the circuit court reviews a motion to dismiss under section 2-615, it may consider matters that are subject to judicial notice. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47. And the court may take judicial notice of orders from closely related proceedings. See *In re Marriage of DeBow*, 236 Ill. App. 3d 1038, 1040 (1992); *Goad v. Evans*, 191 Ill. App. 3d 283, 291 (1989). Furthermore, "[a]n exhibit attached to a complaint becomes part of the pleading for every purpose, including the decision on a motion to dismiss." *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 18. And "[w]here an exhibit contradicts the allegations in a complaint, the exhibit controls." *Id.*

¶ 27    Nevertheless, Schiff posits that Amer could not bring Counts II through V in the instant case. Relying on section 2-415(c) of the Code (735 ILCS 5/2-415(c) (West 2020)), Schiff argues that Amer had to file these causes of action in the court that created the receivership, *i.e.*, the foreclosure case. Section 2-415(c) of the Code provides that:

> "Every receiver of any property appointed by any court of this State may be sued in respect of any act or transaction of the receiver in carrying on the business connected with the property, without the previous leave of the court in which the receiver was appointed; but the action shall be subject to the jurisdiction of the court in which the receiver was appointed, so far as the same is necessary to the ends of justice." *Id.*

¶ 28    As a preliminary manner, we take judicial notice that the foreclosure court discharged Rider as receiver in July 2017, which is the same month that the foreclosure proceedings were completed. See *In re Marriage of DeBow*, 236 Ill. App. 3d at 1040. Despite this, Schiff fails to

explain how a third party could re-open a foreclosure case to assert causes of action against a discharged receiver and related entities. Regardless, Schiff's interpretation of section 2-415(c) is too narrow. A judge in the circuit court of Cook County appointed Rider as receiver, and Amer filed his lawsuit against Rider and related entities in the circuit court of Cook County. Amer properly complied with the requirements of section 2-415(c). See *Wolfe v. Illini Federal Saving & Loan Ass'n*, 158 Ill. App. 3d 321, 324 (1987) (where a receiver had been appointed during mortgage foreclosure proceedings in the circuit court of Madison County, the appellate court interpreted section 2-415(c) as "permit[ting] an original action against [the] receiver" in a separate case filed in the circuit court of Madison County and noted that, "in practice an original action against a receiver has been permitted after discharge by the circuit court").

¶ 29    Having concluded that Amer properly filed Counts II through V of his amended complaint in the instant case, we now turn to the propriety of the circuit court's dismissal of those counts, beginning with Count II. Therein, Amer raises a cause of action for trover and conversion based on Rider, Realty, Building Services, or agents thereof, allegedly taking and destroying approximately $250,000 worth of Amer's personal property that he had stored on the premises. "The modern action for the tort called conversion is descended from the old common law action of trover." Restatement (Second) of Torts § 222A (1965); see also *In re Thebus*, 108 Ill. 2d 255, 259 (1985) (citing to Restatement (Second) of Torts § 222A (1965)). As such, our analysis of Count II can be accomplished solely through the common law cause of action of conversion. "Conversion is any unauthorized act that deprives a person of their property permanently or for an indefinite amount of time." *Wei Quan v. Arcotech Uniexpat, Inc.*, 2018 IL App (1st) 180227, ¶ 12. To plead a claim for conversion, the plaintiff must sufficiently allege "that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the

property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). Though a tenant has been evicted from his premises, he still has a right to his personal property therein such that a claim for conversion could potentially succeed. See *Mayle v. Urban Realty Works, LLC*, 2022 IL App (1st) 210470, ¶¶ 1, 77, 81.

¶ 30    In the instant case, the allegations in Count II of Amer's amended complaint are insufficient to state a claim for conversion. We acknowledge that Amer sufficiently alleges that he stored personal property on the premises, made both an oral and written demand to Realty and Building Services for the return of such property, and Rider, Realty or Building Services failed to return his property. Moreover, nothing in the exhibits attached to Amer's amended complaint—the lease, the various orders from the foreclosure action and eviction action, and his attorney's written demand for the return of his personal property—or other court orders in the record from the foreclosure action and eviction action subject to judicial notice contradict the allegations of his amended complaint. But, critically, Amer's amended complaint does not identify the personal property allegedly converted. All the pleading does is generally allege that Amer's personal property, which he stored on the premises, had been taken or destroyed. Such an allegation is insufficient to state a claim for conversion, as "the subject of conversion is required to be an identifiable object of property of which the plaintiff was wrongfully deprived." *In re Thebus*, 108 Ill. 2d at 260; see also *Mid-America Fire & Marine Insurance Co. v. Middleton*, 127 Ill. App. 3d 887, 892 (1984) (asserting that "conversion will lie only for a specific chattel").

¶ 31    Although we liberally construe a pleading (see *Papadakis v. Fitness 19 IL 116, LLC*, 2018 IL App (1st) 170388, ¶ 21) and recognize that Amer made a demand for an accounting of his personal property that was allegedly taken or destroyed, such a vague allegation by Amer does not

suffice. In a conversion action, a plaintiff's allegations will be insufficient to state a claim when he does not "identify[ ] who was responsible for the removal of [his] personal property from [an] apartment." *Mayle*, 2022 IL App (1st) 210470, ¶ 79. It follows logically then that a plaintiff's allegations will be insufficient to state a claim for conversion when he does not identify the personal property allegedly taken or destroyed. Consequently, Amer's allegations are insufficient to state a claim for conversion against defendants.

¶ 32    Additionally, because Amer has not argued that the circuit court's dismissal being made with prejudice was in error nor is there any evidence in the record that he requested leave to file a second amended complaint, we have no choice but to find the court properly dismissed Count II. See *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 435 (2004) ("The general rule is that where a trial court dismisses a complaint and plaintiff does not seek leave to amend, the cause of action must stand or fall on the sufficiency of the stricken pleading.").

¶ 33    Turning to Count III of Amer's amended complaint, wherein he claims that defendants committed trespass based on Rider, Realty, Building Services, or agents thereof, unlawfully making entry onto his property. "A defendant commits the tort of trespass by entering onto a plaintiff's land without permission, invitation, or other right." *Schweihs v. Chase Home Financial LLC*, 2021 IL App (1st) 191779, ¶ 30. "[A] defendant can be liable in trespass not only for his own entry onto the plaintiff's land but also if he causes a thing or third person to enter onto it." *Id.*

¶ 34    But here, the exhibits attached to Amer's amended complaint demonstrate that he cannot state a claim for trespass. See *Gagnon*, 2012 IL App (1st) 120645, ¶ 18 (asserting that "[w]here an exhibit contradicts the allegations in a complaint, the exhibit controls"). In the foreclosure action, the foreclosure court appointed Rider, as receiver, to manage the industrial complex where Amer's premises was located while the foreclosure action remained pending, which the Foreclosure Law

allowed. See 735 ILCS 5/15-1704(a) (West 2016). Pursuant to that appointment, the Foreclosure Law granted Rider "full power and authority to operate, manage and conserve such property," including, but not limited to, the power to "collect the rents *** from the mortgaged real estate." The appointment order also granted Rider the same authority regarding the collection of rent. In addition, the appointment order authorized Rider to retain Realty to assist him in managing the property, including lease management, tenant relations, and rent billing and collections, which the Foreclosure Law allowed. See *id.* § 15-1704(c) (providing that "[a] receiver may *** delegate managerial functions to a person in the business of managing real estate of the kind involved who is financially responsible, not related to the mortgagee or receiver and prudently selected"). And during foreclosure proceedings, the foreclosure court granted Rider's motion to employ Schiff as eviction counsel, which the Foreclosure Law allowed. See *id.* § 15-1704(b)(4) (providing that a court-appointed receiver "shall have the *** authority to *** employ counsel").

¶ 35     Together, the foreclosure court orders and the Foreclosure Law allowed Realty, as Rider's agent, to institute an eviction action at the commercial property using Schiff as eviction counsel. See *Bleck v. Cosgrove*, 32 Ill. App. 2d 267, 275 (1961) (where, during foreclosure proceedings, a receiver was appointed and the appointment order authorized him " 'to take charge of the real estate—and to collect the rents,' " the appellate court concluded that "[t]he authority to collect rent is not confined to prayful begging on bended knee at the door of the tenant but includes the right to institute appropriate legal action," which authorized eviction proceedings against a tenant). To this end, Realty, as Rider's agent, had the authority to file the eviction action against Furnishing & Remodel and all unknown occupants at the address of Amer's property. That eviction action, in turn, led to the eviction court granting an *ex parte* order of possession for Amer's premises and the Cook County Sheriff's Office executing an eviction of Amer's premises.

¶ 36     It is true that Amer's lease generally entitled him to possession and control of the subject premises to the exclusion of all others, including the lessor. See *Illinois Central R.R. Co. v. Michigan Central R.R. Co.*, 18 Ill. App. 2d 462, 477 (1958). But Realty, as Rider's agent, prevailed in the forcible entry and detainer action, resulting in it obtaining an order of possession for Amer's premises. The purpose of the Forcible Entry and Detainer Act (Forcible Entry Act) (735 ILCS 5/9-101 *et seq.* (West 2016)) "is to provide a speedy remedy to allow a person who is entitled to the possession of certain real property to be restored to possession." *Wells Fargo Bank, N.A. v. Watson*, 2012 IL App (3d) 110930, ¶ 14. It is a "mechanism for the peaceful adjudication of possession rights in the trial court." *Circle Management, LLC. V. Oliver*, 378 Ill. App. 3d 601, 608 (2007). Because Realty, as Rider's agent, obtained an order of possession for Amer's premises through a forcible entry and detainer action, the eviction court concluded that Realty, as Rider's agent, legally had the right to enter and possess Amer's property. Therefore, Realty, as Rider's court-authorized agent, had the legal right to enter Amer's premises, and Amer's cause of action for trespass necessarily fails. Consequently, the circuit court properly dismissed Count III with prejudice. See *Bajwa*, 208 Ill. 2d at 435.

¶ 37     Turning to Count IV of Amer's amended complaint, wherein he claims that defendants violated section 9-101 of the Code (735 ILCS 5/9-101 (West 2020)). This section provides that "[n]o person shall make an entry into lands or tenements except in cases where entry is allowed by law, and in such cases he or she shall not enter with force, but in a peaceable manner." *Id.* The crux of Amer's allegations in Count IV is that Rider, Realty, Building Services, or agents thereof, unlawfully made entry into Amer's property in a nonpeaceful manner, which resulted in damage to his personal property.

¶ 38    In the instant case, Amer attempts to bring an independent cause of action for a violation of section 9-101 of the Code (735 ILCS 5/9-101 (West 2020)) outside forcible entry and detainer proceedings. But this section does not provide an independent cause of action, but rather regulates the appropriate way of restoring possession under forcible entry proceedings. See *Bush v. Cooper*, 2017 IL App (1st) 160746-U, ¶ 24 ("[S]ection 9-101 does not provide a cause of action, but regulates the proper way of restoring the possession of a property under the Code; namely, if a party is entitled to the possession of the property under the Code, she shall enter in a peaceable manner"). Moreover, while a plaintiff may bring "an action for an improper eviction" pursuant to the Forcible Entry Act, the remedy is "re-possession but *not* *** tort damages." (Emphasis in original.) *Bozek v. Bank of America, N.A.*, 2021 IL App (1st) 191978, ¶ 91. Count IV of Amer's amended complaint seeks tort damages for defendants' alleged violation of section 9-101 of the Code, which is impermissible. See *id.* ¶¶ 91-92. Consequently, the circuit court properly dismissed Count IV of Amer's amended complaint with prejudice. See *Bajwa*, 208 Ill. 2d at 435.

¶ 39    Lastly, Count V of Amer's amended complaint is a cause of action for an accounting. In that count, Amer alleges that Rider, as a receiver, was a fiduciary and he, by and through his agents Realty, Building Services or their agents, breached that fiduciary duty by unlawfully entering his premises and destroying or converting his personal property. Amer further claims that he had no adequate remedy at law for that breach.

¶ 40    "An accounting is a statement of receipts and disbursements to and from a particular source." *Tufo v. Tufo*, 2021 IL App (1st) 192521, ¶ 93. "The right to an accounting is not an absolute right, but one which should be accorded only on equitable principles." *Tarin v. Pellonari*, 253 Ill. App. 3d 542, 555 (1993). To plead a cause of action for an accounting, a plaintiff must sufficiently allege "that there is no adequate remedy at law and one of the following: (1) a breach

of a fiduciary relationship between the parties, (2) a need for discovery, (3) fraud, or (4) the existence of mutual accounts that are of a complex nature." *MacLeod v. Commonwealth Edison*, 2024 IL App (2d) 230237, ¶ 39. However, courts "typically do not enforce the requirement that there be no adequate legal remedy when the accounting is based on a breach of fiduciary duty." *Chicago Architectural Metals, Inc. v. Bush Construction Co.*, 2022 IL App (1st) 200587, ¶ 61. Amer's cause of action for an accounting, as pled, thus rests upon a breach of a fiduciary relationship between Rider and him.

¶ 41     In order to breach a fiduciary duty, one must exist in the first place. *Neade v. Portes*, 193 Ill. 2d 433, 444 (2000). "A receiver is considered an officer of the court that appointed him," and he "owes fiduciary duties to the parties in the litigation." *City of Chicago v. Jewellery Tower, LLC*, 2021 IL App (1st) 201352, ¶ 48. In other words, a receiver appointed in a mortgage foreclosure action owes a fiduciary duty to the parties involved in the mortgage foreclosure action. And indeed, Amer cites *PSL Realty Co. v. Granite Investment Co.*, 76 Ill. App. 3d 978 (1979), *aff'd in part, rev'd in part*, 86 Ill. 2d 291 (1981), for this proposition. But to the extent that Rider, as a court-appointed receiver, owed a fiduciary duty to Amer as a third party outside of the foreclosure proceedings, Amer fails to provide any case law supporting that proposition. "This court is not a repository for an appellant to foist the burden of argument and research." *Graham v. Lakeview Pantry*, 2019 IL App (1st) 182003, ¶ 26. When a party fails to cite authority in support of an argument, he forfeits that argument. *Id.* As Amer's cause of action for an accounting is premised upon a fiduciary duty existing between him and Rider, and he failed to provide any authority to support that proposition, Amer has forfeited his argument that the circuit court erred in dismissing his cause of action for an accounting. See *id.* Consequently, the circuit court properly dismissed Count V of Amer's amended complaint with prejudice. See *Bajwa*, 208 Ill. 2d at 435.

¶ 42                                    III. CONCLUSION

¶ 43    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 44    Affirmed.